IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**THURMAN KIRKWOOD, #102232**                                            **PLAINTIFF**

**V.**                                                    **Civil Action No.: 2:10cv156**

**CHRISTOPHER B. EPPS, et al.**                                        **DEFENDANTS**

### OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on March 22, 2011. Plaintiff appeared *pro se*; Pelicia Hall appeared on behalf of Defendants Christopher Epps, Ronald King, Johnnie Denmark, and Hubert Davis. The Court scheduled this hearing for the combined purposes of conducting a *Spears* hearing,[1] a scheduling/case management hearing, and a discovery conference. The Court's purpose in conducting the hearing is to ensure the just, speedy, and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

### JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims occurred while he was a post-conviction inmate at South Mississippi Correctional Institution-II (SMCI-II). Currently, Plaintiff is still incarcerated there. Plaintiff's claims were clarified and amended by sworn testimony during the *Spears* hearing. As a result, the following claims are pending before the Court, and no further amendments will be allowed absent a showing of good cause:

Plaintiff alleges that while in custody at SMCI-II, female guards have routinely viewed

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff while showering and using the restroom, which he claims is an invasion of his right to bodily privacy. Plaintiff submitted a grievance through the Administrative Remedy Program (ARP) asking to be transferred to further prevent this invasion of privacy, but was denied. Plaintiff alleges that in denying his request for transfer, Defendants were deliberately indifferent to a violation of his constitutional rights. Plaintiff alleges that as a result of this invasion of privacy, he has suffered from depression. He seeks monetary damages for emotional distress in the amount of $500,000.

Plaintiff asserts that he has a claim against Defendant Epps, the Commissioner of MDOC, for denying his request for relief at the final stage of the ARP process; however, Plaintiff admittedly has not personally spoken to Commissioner Epps regarding his complaint. As to Defendant Ronald King, Superintendent of SMCI-II, Plaintiff avers that he spoke with Defendant about the invasion of his privacy, but his ARP request for relief was denied by King. Moreover, Plaintiff contends that he has complained to SMCI-II wardens, Defendants Johnnie Denmark and Hubert Davis regarding the invasion of his bodily privacy, but Defendants have been indifferent to his complaints.

## DISCOVERY ISSUES

During the hearing, Defendants produced Plaintiff's institutional file and ARP records. Defendants are to further produce the MDOC policy, if any, regarding inmate privacy within thirty days.

Other than the aforementioned discovery request, there are no other discovery issues pending at this time. The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate in light

of the issues presented. *See* Fed. R. Civ. P. 26(b)(1). Thus, the parties shall not propound additional discovery requests unless leave of the Court is requested and obtained.

## PENDING MOTIONS

There are no pending motions before the Court.

## MOTIONS DEADLINE

The deadline for filing motions (other than motions *in limine*) is June 1, 2011.

Plaintiff's failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED, this the 25th day of March, 2011.

                                                 s/ Michael T. Parker
                                                 United States Magistrate Judge